## YEARICK v YEARICK et

Ohio Appeals, 6th Dist, Huron Co

No 307. Decided Oct 5, 1933

Allen G. Aigler, Bellevue, for plaintiff.
Kenneth P. Fox, Bellevue, for defendant.

## OPINION

By WILLIAMS, J.

The sole question for determination is whether or not the demurrer should be sustained. It will be observed that the will does not require the executor to dispose of the real estate and divide the proceeds, but simply gives him power and authority to dispose of it. The will, however, devises the real estate to named parties. It is therefore the apparent intention of the testator that the real estate should not be sold by the executor unless it was necessary to do so in the settlement of the estate and that the power of sale was given to his personal representative merely to enable him to dispose of the real estate if necessary to do so, without bringing an action for that purpose. It does not appear that there exists any necessity to make disposition of the real estate to carry out the purpose of the will, nor that there were any other circumstances which required the executor to dispose of the property to carry out the intention of the testator. Under the circumstances, the devisees have a right to the specific property devised to them and the executor can not sell it for the purpose of distributing to them the proceeds arising from the sale. **Padley v Jones, 20 Oh Ap, 203.**

The demurrer should be sustained and, as it appears that the defendant Yearick does not desire to plead further, a decree of partition will be entered and the cause remanded to the Court of Common Pleas to carry out the order of partition and for further proceedings.

Decree accordingly.

RICHARDS, J, concurs.
LLOYD, J, concurs in judgment.